MADELINE BORINO AND ANGELO BORINO, PLAINTIFFS-RESPONDENTS, v. JERSEY COAST NEWS CO., INC., DEFENDANT-APPELLANT.

Submitted October 26, 1945—Decided January 24, 1946.

For the appellant, *Anschelewitz & Barr* (*Sidney J. Meistrich,* of counsel).

For the respondents, *Giordano, Golden & Hurley* (*Theodore D. Parsons,* of counsel).

The opinion of the court was delivered by

HEHER, J.   Defendant appeals from a judgment entered on jury verdicts in favor of plaintiffs on a complaint charging negligence in the use and maintenance of a sidewalk abutting defendant's lands in the City of Asbury Park, whereby the female plaintiff suffered personal injuries.   Her husband sued *per quod.*

It is assigned for error that the trial judge denied defendant's motions for a nonsuit and a directed verdict, grounded upon the asserted failure of proof of negligence (although contributory negligence is also alleged on the argument here), and that the verdicts were contrary to the weight of the evidence.   The latter assignment is not, of course, cognizable on error.

The printed record reveals a loss of defendant's right of appeal.   The judgment record recites that after the rendition of the verdicts, "a rule to show cause why the verdicts should not be set aside and a new trial granted was allowed" to defendant by the trial judge, and that the judge, "having heard the argument of counsel and having duly considered the reasons filed, ordered said rule to show cause discharged * * *."   Neither the rule to show cause nor the reasons assigned for a new trial have been incorporated in the state of the case or filed with the clerk of the Supreme Court. There is on file with the clerk of that court, but not printed in the state of the case, an "order discharging rule to show cause," made on July 9th, 1945, which simply recites the issuance of the rule to show cause why "a new trial should not be granted to the defendant," and the hearing of the arguments of the parties thereon, without any specification of the reasons urged for a new trial, and provides for the discharge of the rule to show cause.

Rule 129 of the Supreme Court, which has its origin in Rule 83 of the Practice Act of 1912 (*Pamph. L., pp.* 377, 399), provides that the granting to a party of a rule to show cause why a new trial shall not be granted "shall be a bar against him to taking or prosecuting an appeal, except on points expressly reserved in said rule." And rule 130, also derived from Rule 83 of the Practice Act of 1912, renders it discretionary with the trial judge whether or not the rule to show cause shall be special.

Since the record does not exhibit a specific reservation of points in the rule to show cause, it is to be presumed that the rule was granted without reservation, and it therefore serves to bar the right of appeal. Compare *Gregutis* v. *Steinberg,* 97 *N. J. L.* 1; *affirmed,* 98 *Id.* 264. This presumption accords with the letter and spirit of the rule. It is to be observed that here the exceptions now argued were in all likelihood comprehended in the reasons urged for a new trial, and in that event the doctrine of *res judicata* would be applicable. *Vide Cleaves* v. *Yeskel,* 104 *Id.* 497; *Cleary* v. *Camden,* 119 *Id.* 387.

Under the earlier provision of the Practice Act of 1903, the allowance of a rule to show cause constituted a waiver of the bill of exceptions merely. *Comp. Stat.* 1910, *p.* 4119, § 214. In *Consolidated Traction Co.* v. *Whelan,* 60 *N. J. L.* 154, this court refused to apply that provision on the grounds that it did not appear "in the record" nor was "it otherwise shown that any rule to show cause was allowed," and the assignments of error were all made upon the record. That case therefore not apposite.

The appeal is accordingly dismissed.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, COLIE, OLIPHANT, WELLS, RAFFERTY, DILL, FREUND, MCGEEHAN, JJ. 15.